JUDGE SWEET          12 CIV 8387

Louis Pechman
Jessica N. Tischler
N. Marely Mercado
Berke-Weiss & Pechman LLP
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANGEL GERMAN CALLE, on behalf of himself and
all others similarly situated,

       Plaintiff,

  -against-

1621 RESTAURANT INC. d/b/a ELIO'S
RESTAURANT, ELIO GUAITOLINI, and ANNE
ISAAK FOX,

       Defendants.
-----------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**

**ECF CASE**

**JURY TRIAL DEMANDED**

  Plaintiff Angel German Calle ("plaintiff" or "Calle"), on behalf of himself and all others similarly situated, by his attorneys Berke-Weiss & Pechman LLP, complaining of defendants, 1621 Restaurant Inc. d/b/a Elio's Restaurant, Elio Guaitolini and Anne Isaak Fox (collectively referred to herein as "defendants" or "Elio's"), alleges:

### NATURE OF THE ACTION

  1. This action is brought to recover unpaid minimum wages and overtime pay pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").

  2. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions and compensation and credit for the difference between the hourly minimum wage and the hourly wages actually paid to plaintiff, unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, injunctive and

declaratory relief against defendants' unlawful actions, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3.   This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. §§ 1332 and 1367.

## VENUE

4.   Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as Elio's is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

5.   Angel German Calle resides in Queens, New York. Calle has been employed as a busboy at Elio's from on or about 1998 to on or about September 20, 2012.

**Defendants**

6.   Defendant 1621 Restaurant Inc. is a New York corporation that owns and operates Elio's Restaurant, a restaurant located at 1621 Second Avenue, New York, New York 10022. Elio's prepares and serves Italian cuisine and alcoholic beverages for customers on its premises.

7.   At all times relevant to this action, defendant 1621 Restaurant Inc. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant 1621 Restaurant Inc. d/b/a Elio's Restaurant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person; and (2) an annual gross volume of sales projected to be in excess of $500,000.

8. Defendant Elio Guaitolini ("Guaitolini") is an owner of Elio's, and is sued individually in his capacity as an owner, officer and/or agent of Elio's. Guaitolini exercises sufficient control over Elio's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein established and exercised authority regarding the pay practices at Elio's.

9. Defendant Anne Isaak Fox ("Fox") is an owner of Elio's, and is sued individually in her capacity as an owner, officer and/or agent of Elio's. Fox exercises sufficient control over Elio's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein established and exercised authority regarding the pay practices at Elio's.

## COLLECTIVE ACTION ALLEGATIONS

10. The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and similarly situated persons (*i.e.* waiters and busboys) who are current and former employees of Elio's since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

11. The FLSA Collective consists of approximately thirty (30) similarly situated current and former waiters and busboys of Elio's who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wage, overtime, and other wages.

12. The FLSA Collective consists of waiters and busboys who were employed at Elio's.

13. As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice includes, *inter alia*, the following:

   a. failing to pay employees the correct minimum wage for all hours worked; and

   b. failing to pay employees the correct overtime rate for all time worked in excess of forty (40) hours per week.

14. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and the NYLL.

15. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Elio's, are readily identifiable, and locatable through Elio's records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

### ELIO'S FAILURE TO PAY MINIMUM WAGE AND OVERTIME FOR ALL HOURS WORKED

16. Elio's serves dinner seven (7) days a week from 5:00 p.m. to 12:00 a.m.

17. Calle worked five (5) to six (6) days per week from approximately 3 p.m until 11 p.m. On Fridays and Saturdays, Calle worked from approximately 3 p.m. to midnight.

18. The FLSA and NYLL require that employers pay all non-exempt tipped employees a statutory minimum wage and require that employers pay all employees one and one-half (1½) times the full minimum wage for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

19. According to the requirements of the FLSA, if an employer elects to use the tip credit provision, the employer must comply with the statutory requirements which were not met by Elio's.

20. Since at least 2011, Calle's weekly paycheck shows that he was paid at a minimum wage of $4.65 per hour, a rate lower than the lawful "tipped" minimum wage of $5.00 per hour.

21. Upon information and belief, other waiters and busboys at Elio's were similarly paid at the incorrect minimum wage and overtime rate.

22. Calle was paid at a rate of $4.65 for hours worked in excess of forty (40) in any given week.

23. Calle did not receive overtime pay of one and one-half (1½) times the full minimum wage for hours he worked in excess of forty (40) per workweek.

24. Upon information and belief, the other waiters and busboys at Elio's similarly did not receive overtime pay of one and one-half (1½) times the full minimum wage for hours they worked in excess of forty (40) per workweek.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

25. Plaintiff repeats and realleges paragraphs 1 through 24 as if fully set forth herein.

26. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

27. Defendants were required to pay to plaintiff and the FLSA Collective the applicable federal minimum wage rate.

28. Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

29. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the FLSA Collective.

30. As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

31. Plaintiff repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiff and the FLSA Collective.

33. Defendants failed to pay plaintiff and the FLSA Collective the minimum wages to which they are entitled under the NYLL.

34. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff and the FLSA Collective minimum hourly wages.

35. As a result of defendants' violations of the NYLL, plaintiff and the FLSA Collective are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

36. Plaintiff repeats and realleges paragraphs 1 through 35 as if fully set forth herein.

37. Defendants are required to pay plaintiff and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

38. Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

39. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff and the FLSA Collective overtime wages.

40. Due to defendants' violations of the FLSA, plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

41. Plaintiff repeats and realleges paragraphs 1 through 40 as if fully set forth herein.

42. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff and the FLSA Collective one and one (1½) half times the regular rate of pay for all hours they worked in excess of forty (40) hours in a workweek.

43. Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they were entitled under the NYLL.

44. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff and the FLSA Collective overtime wages.

45. Due to defendants' willful violations of the NYLL, plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment:

    a. to authorize the issuance of notice at the earliest possible time to all waiters and busboys who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

    b. to declare that defendants have violated the minimum wage and overtime provisions of the FLSA and the NYLL;

    c. to declare that defendants' violations of the FLSA and NYLL were willful;

    d. to award plaintiff and the FLSA Collective damages for unpaid minimum and overtime wages;

  e. to award plaintiff and the FLSA Collective liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

  f. to award plaintiff and the FLSA Collective pre-judgment and post-judgment interest under the FLSA and the NYLL;

  g. to award plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant the FLSA and the NYLL; and

  h. to award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated: New York, New York
   November 16, 2012

          BERKE-WEISS & PECHMAN LLP

          By: _____
          Louis Pechman
          Jessica Tischler
          N. Marely Mercado
          488 Madison Avenue - 11th Floor
          New York, New York 10022
          (212) 583-9500
          *Attorneys for Plaintiff*